UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARY E. CHARLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CV-134 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") filed by United States Magistrate Judge H. Bruce Guyton [Doc. 12]. Magistrate Judge Guyton found that the Commissioner's decision is supported by substantial evidence. Accordingly, the magistrate judge recommended that plaintiff's motion for summary judgment [Doc. 8] be denied and that defendant's motion for summary judgment [Doc. 10] be granted.

Plaintiff filed objections to the magistrate judge's R&R [Doc. 13]. Plaintiff objects to the manner in which the R&R "frames the issues"; "to the finding that the vocational testimony carried the Commissioner's burden of proof"; to the finding that "the [Administrative Law Judge's ("ALJ")] decision to discount certain portions of Dr. Summers's opinion is well-supported by the evidence in the record"; to the conclusion that "the ALJ is free to pick and choose among restrictions assessed by the source on whom he purports to rely, and that alternatively, any error was harmless"; and to the magistrate judge's

failure "to address the applicability of Rule 201.10, of the Medical Vocational Guidelines" [*Id.*].

I.  **Standard of Review**

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Although the Court is required to engage in *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment and previously addressed by the magistrate judge, the Court may deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver*, 304 F. Supp. 2d at 937. Further, the U. S. Court of Appeals for the Sixth Circuit has explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated

2

as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**II.    Analysis**

Excepting plaintiff's objection that Magistrate Judge Guyton failed to address the applicability of Rule 201.10 of the Medical Vocational Guidelines, plaintiff's objections do "nothing more than state a disagreement with [the magistrate judge's] suggested resolution." *See VanDiver*, 304 F. Supp. 2d at 937. *De novo* review of plaintiff's arguments would therefore make the original referral to the magistrate judge useless and would waste judicial resources. *See Howard*, 932 F.2d at 509. Accordingly, and except with respect to the objection concerning Rule 201.10, the Court does not consider plaintiff's arguments to be specific objections to the R&R and will not engage in a *de novo* review of the arguments.

With respect to plaintiff's objection concerning Rule 201.10, the Court notes that in plaintiff's motion for summary judgment plaintiff informs the Court that the ALJ did not discuss Rule 201.10 and "should have discussed the partially favorable determination by the state agency and the vocational analysis by Richard King," who applied Rule 201.10 because assessments evidenced a restriction to sedentary work [Doc. 9]. Although Magistrate Judge Guyton did not mention Rule 201.10 in the R&R, Magistrate Judge Guyton did discuss the vocational analysis worksheet of Richard King and found that the "ALJ did not err by failing to find disability based upon the worksheet or by failing to specifically discuss the worksheet" [Doc. 12]. Further, Magistrate Judge Guyton explained that the ALJ was not

3

required to afford controlling weight to the worksheet because courts that have addressed such worksheets have treated them as evidence of record [*Id.* (citation omitted)].

Rule 201.10 applies only to those claimants that are limited to performing sedentary work. *Smith v. Astrue*, No. 08-114-HRW, 2009 WL 366038, at *3 (E.D. Ky. Feb. 13, 2009). Here, the ALJ found plaintiff was capable of performing "light exertion" and standing four hours daily, one hour at a time, walking four hours daily, one hour at a time, and sitting four hours daily, two hours a time [*See* Doc. 12 (discussing the ALJ's findings)], and Magistrate Judge Guyton found that substantial evidence supported this conclusion. Thus, Magistrate Judge Guyton did not err in not addressing the applicability of Rule 201.10.

Besides the objection pertaining to Rule 201.10, and because no other proper objection was timely filed, the Court will treat any other objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Magistrate Judge Guyton found that there was substantial evidence to support the Commissioner's decision. The Court has carefully reviewed this matter, including the transcript and underlying pleadings, and is in agreement with Magistrate Judge Guyton's findings and recommendation, which the Court adopts and incorporates into its ruling.

### III. Conclusion

For the reasons explained herein, plaintiff's objections [Doc. 13] are **OVERRULED**, and the Court will **ACCEPT IN WHOLE** the R&R [Doc. 12]. Plaintiff's motion for summary judgment [Doc. 8] will be **DENIED**, defendant's motion for summary judgment [Doc. 10] will be **GRANTED**, and the decision of defendant Commissioner denying

4

plaintiff's application for supplemental security income benefits will be **AFFIRMED**. This case will be **DISMISSED** and an appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE